IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Joe Moore, II, ) | C/A No. 9:10-1806-JFA |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Jerry Joe Moore, II, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of April 11, 2007, due to a back

impairment after a motor vehicle accident. The plaintiff was 23 years old at the time he alleges he became disabled. He has a high school education and past relevant work experience as an automobile technician, dish washer, and grocery stocker.

The plaintiff's applications for DIB and SSI, filed in July 2007, were denied initially and upon reconsideration. The ALJ held a hearing and later issued a decision on September 4, 2009, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on July 12, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset of disability in April 2007. At step two, the ALJ found the following severe impairments: degenerative disc disease of the lumbar spine, sacroiliac joint dysfunction, mood disorder, and somatoform disorder. At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ determined that plaintiff's subjective complaints were not fully credible and that he had the residual functional capacity (RFC) to perform a reduced range of light work consistent with the ALJ's hypothetical to the vocational expert (VE). The ALJ then relied on the VE's testimony in finding plaintiff could perform jobs which exist in significant numbers in the national economy, including the

unskilled light jobs of fast food worker and assembler. Thus, the ALJ found the plaintiff was not disabled.

After the ALJ issued his September 2009 decision, plaintiff presented to rehabilitation counselor William Stewart for a "Vocational and Rehabilitation Evaluation." Plaintiff subsequently submitted a copy of Dr. Stewart's report to the Appeals Council. The Appeals Council denied his request for review, finding that the additional evidence did not provide a basis for changing the ALJ's decision.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)     improperly evaluating the opinion of the plaintiff's treating physician, Dr. Nazareno;

(2)     failing to comply with the requirements of SSR 96-8p in making his RFC assessment; and

(3)     performing an improper credibility analysis with respect to plaintiff's subjective testimony as to the extent of his pain and limitations in compliance with SSR 96-7p.

The plaintiff further contends that the Appeals Council committed error by failing to reverse and remand the case for a new hearing based on new evidence submitted as part of plaintiff's appeal.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge recommends that this court remand the matter to the Appeals Council because it committed reversible error by failing to make the necessary findings with respect to the new evidence submitted to it by the plaintiff. Without its reasoning as to why it rejected the plaintiff's new evidence or what weight that evidence was given, this court

5

cannot engage in any meaningful review of the ALJ's decision for substantial evidence and correct application of the law.

For the reasons stated below, the court adopts the Magistrate Judge's recommendation and reverses the Commissioner's decision, with remand for further administrative action as set forth in the Report.

## DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Commissioner's Objections to the Report*

The Commissioner's sole objection to the Report of the Magistrate Judge is that the Commissioner's decision contained no other reversible error and was supported by substantial evidence, and that the lack of articulation by the Appeals Council is of no import. Alternatively, the Commissioner requests that if this court intends to decide the case based on the Appeals Council articulation issue, that this court hold its decision in abeyance pending the Fourth Circuit's decision in *Meyer v. Astrue*. *See* C/A No. 3:08-3828-JFA-JRM, 2010 WL 1257626 (D.S.C. Mar. 25, 2010).

*Meyer* was appealed by the Commissioner on May 25, 2010 and is currently under review by the Fourth Circuit Court of Appeals. *See* No. 10-1581. Under the particular facts of *Meyer*, this court found that because the evidence submitted to the Appeals Council was

not new, the Appeals Council was not required to articulate its findings and, therefore, the matter was not remanded on that basis.

Here, however, following the issuance of the ALJ's decision on September 4, 2009, the plaintiff had an evaluation performed on November 2, 2009, by Dr. William Stewart of Vocational and Rehabilitation Services. As the Magistrate Judge notes on page 8 in his Report:

> Dr. Stewart reviewed and evaluated the plaintiff's medical records and case history. He also conducted several tests following which he concluded that plaintiff was in the low marginal range of functional educational ability; below the 2nd percentile reflective of slow work speed and pace, and descriptive of a worker with no abilities to successfully compete for, perform, and sustain even sedentary and light jobs that require a fast pace/production rate work speed; that plaintiff had a severe level of depression, and moderate level of anxiety. Dr. Stewart concluded that plaintiff suffers from significant psychological overlay due to an adjustment disorder, depression and anxiety, as well as chronic pain problems that prevent him from being able to return to the kind work he had performed in the past. Dr. Stewart further opined that Plaintiff's pain and significant physical and psychological limitations would prevent him from maintaining adequate concentration, pace and persistence to meet a normal/expected level of work productivity, including at the sedentary to light levels of work; that no reasonably stable market exists for the types of services that Plaintiff is physically, psychologically, educationally or vocationally capable of performing or sustaining; and that without a significant improvement in Plaintiff's overall condition his prognosis for successful vocational rehabilitation was "quite poor" and that he would likely remain "unable to work and vocationally disabled because of these injuries and ongoing problems and limitation."

The Magistrate Judge concluded that the evidence was "new" because it had not previously been available to the ALJ and that it was "material" as it was based in large part on plaintiff's medical records, which pre-date the ALJ's hearing decision. The Appeals Council rejected the new evidence and stated only that it had considered the reasons plaintiff disagreed with the ALJ's decision and additional evidence submitted, but that the

7

information did not provide a basis for changing the ALJ's decision. No further discussion or analysis was provided, nor was any explanation given as to why this new evidence was rejected.

The Magistrate Judge presents a thorough review of the authority and current debate on whether or not the Appeals Council is required to articulate a reason for its decision. However, this court is charged with the limited determination of whether the findings of the Commissioner are supported by substantial evidence, taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Here, this court can only speculate as to why the Appeals Council rejected the new evidence. Regardless of whether the Appeals Council was justified or not in rejecting this new evidence, this court cannot conduct a thorough review of the record as a whole, without the Appeals Council's articulated reasoning.

Accordingly, this court agrees with the Magistrate Judge that this matter should be remanded to have a finding made as to the weight to be given to this new evidence, and, if appropriate, the reasons for the Commissioner's rejection of this evidence. Thus, the court declines to hold this matter in abeyance pending the outcome of the Fourth Circuit's decision in *Meyer*.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported

by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is reversed and remanded for the reasons set forth herein.

IT IS SO ORDERED.

September 19, 2011               Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge