IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry J. Moore, | ) | C/A No. 9:10-1806-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Jerry J. Moore, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits and supplemental security income under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Supplemental Report and Recommendation[2] wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] The Magistrate Judge's original Report and Recommendation (ECF No. 9) suggested remand for further proceedings based on the Appeals Council's failure to articulate a basis for denying plaintiff's request for review of the ALJ's decision. In light of the decision in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), this court remanded the matter back to the Magistrate Judge for further review as a result of the finding in *Meyer* that the Appeals Council did not need to explain its reasoning when denying a claimant's request for review.

1

this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff's objections to the Supplemental Report are duplicative of the issues that were presented to and addressed by the Magistrate Judge. Having reviewed the record in light of the plaintiff's objections and under the appropriate standards, the court adopts the Supplemental Report and concurs with both the reasoning and the result reached by the Magistrate Judge.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Reports, and the plaintiff's objections thereto, this court finds the Supplemental Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

April 11, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge